**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR M. FLYNN (SBN 253362)
*tflynn@fmfpc.com*
KADEN BYRON (SBN 333158)
*kbyron@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
DANIEL SACHS (SBN 361027)
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiffs***

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA WILLIS ALBRIGO and TARA AMADO, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DOLE FRESH FRUIT COMPANY and DOLE PACKAGED FOODS, LLC,<br><br>Defendants. | Case No: **'26 CV 3046 JES JLB**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW AND FOR UNJUST ENRICHMENT AND MONEY HAD AND RECEIVED**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Tara Amado and Laura Willis Albrigo, on behalf of themselves, all others similarly situated, and the general public, by and through their undersigned counsel, hereby sue Defendants Dole Fresh Fruit Company and Dole Packaged Foods, LLC (together, "Dole" or "Defendants"), and allege the following upon their own knowledge, or where they lack personal knowledge, upon information and belief, including the investigation of counsel.

## NATURE OF THE ACTION

1. Dole imports and sells fresh and packaged fruit and fruit juice (the "Imported Fruit Products").

2. Beginning in February 2025, the Trump Administration imposed tariffs on a variety of imports, including the Imported Fruit Products, pursuant to the International Emergency Economic Powers Act ("IEEPA"). Although the IEEPA tariffs increased Dole's costs, Dole did not ultimately bear those costs, instead passing them on to consumers in the form of higher retail prices (the "Tariff Charges").

3. On February 20, 2026, the Supreme Court of the United States held the challenged IEEPA tariff orders exceeded the President's statutory authority and were therefore *ultra vires* and void.

4. Because the tariff orders were issued without statutory authority, any duties imposed pursuant to them were not lawfully owed. Law and equity prohibit Dole from retaining money collected from consumers to cover a governmental exaction that, as a matter of law, was imposed without lawful authority.

5. On behalf of themselves and other purchasers of the Imported Fruit Products, Plaintiffs seek restitution of all Tariff Charges collected by Dole, as well other relief authorized by law.

## JURISDICTION & VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from Dole. In addition, more than two-thirds of the

1

members of the class reside in states other than the state in which Dole is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

7.    The Court has personal jurisdiction over Dole because it has purposely availed itself of the benefits and privileges of conducting business activities within California, including by distributing and selling the Imported Fruit Products in California.

8.    Venue is proper in this Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Dole resides (*i.e.*, is subject to personal jurisdiction) in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

9.    Plaintiff Laura Willis Albrigo resides in San Diego County, California, and is therefore a citizen of the State of California.

10.    Plaintiff Tara Amado resides in San Mateo County, California, and is therefore a citizen of the State of California.

11.    Dole Fresh Fruit Company is incorporated in Nevada with its principal place of business in Charlotte, North Carolina.

12.    Dole Packaged Foods LLC is a California limited liability company owned by Dole Food Company, Inc., and is headquartered in Westlake Village, CA.

## FACTS

13.    Beginning in February 2025, President Trump issued a series of executive orders imposing tariffs on imports from numerous foreign countries pursuant to IEEPA (the "IEEPA orders"). These orders imposed substantial duties on a wide range of imported goods, including a baseline 10% duty on nearly all global imports, with surcharges of up to 50% for certain countries.

14.    Dole imports a variety of fresh and packaged fruits subject to the IEEPA Tariffs, including bananas and pineapples (fresh and canned) from Latin America, including Costa

*Willis Albrigo et al. v. Dole Fresh Fruit Co. et al.*
CLASS ACTION COMPLAINT

Rica, Honduras, Guatemala, Ecuador, Colombia, Peru, Mexico, and the Dominican Republic.[1]

15.    All of the bananas and the overwhelming majority of pineapples that Dole sells in the United States are imported.[2]

16.    Dole has sought refunds for IEEPA tariffs it paid on the Imported Fruit Products. *See Dole Fresh Fruit Co. v. United States*, No. 1:26-cv-00012 (Ct. Int'l Trade), Dkt. No. 2, Compl. (filed Jan. 2, 2026); *Dole Packaged Foods, LLC v. U.S. Customs & Border Protection*, No. 1:26-cv-00275 (Ct. Int'l Trade), Dkt. No. 4, Compl. (filed Jan. 8, 2026).

17.    Fruit has a relatively thin profit margin,[3] making it economically infeasible for Dole to bear the full cost of the IEEPA tariffs.

18.    Dole therefore passed along the increased cost of the IEEPA tariffs to consumers in the form of higher retail prices.

19.    For example, Rory Byrne, Chief Executive Officer of Dole PLC, owner of both subsidiary Defendants, has stated Dole "expect[s] to be able to pass through the ups and downs in that cost chain to our customers," including "tariffs."

---

[1] https://www.doleplc.com/our-business/our-business-units/dole-fresh-fruit/default.aspx.

[2] Dole does not sell domestically grown bananas. *See* https://www.doleplc.com/our-business/our-business-units/dole-fresh-fruit/default.aspx. And while it sources some small amount of pineapples from Hawaii, *id.*, only 0.13% of the world's pineapple comes from Hawaii. *See* Jesse Rhodes, "It's Pineapple Season, But Does Your Fruit Come From Hawaii?" *Smithsonian magazine* (Mar. 20, 2013), *available at* https://www.smithsonianmag.com/arts-culture/its-pineapple-season-but-does-your-fruit-come-from-hawaii-5211854/.

[3] *See* "Year Has Been the Pits for Dole Foods," *Los Angeles Times* (Oct. 1, 1998), *available at* https://www.latimes.com/archives/la-xpm-1998-oct-01-fi-28322-story.html ("Dole continues to wring more profit from its operations, which is important because food production is notorious for carrying thin profit margins."); "Dole plc Reports Fourth Quarter and Full Year 2025 Financial Results," Dole Company News (Feb. 25, 2026), *available at* https://ng.investing.com/news/company-news/dole-q126-slides-revenue-surges-12-amid-margin-pressures-93CH-2498169 (noting decrease in "[a]djusted EBITDA . . . primarily due to elevated fruit sourcing costs in the Fresh Fruit segment").

*Willis Albrigo et al. v. Dole Fresh Fruit Co. et al.*
CLASS ACTION COMPLAINT

20. The Tariff Charges thus increased the total amount consumers, including Plaintiffs, were required to pay for the Imported Fruit Products.

21. Plaintiff Laura Willis Albrigo purchased various Imported Fruit Products during the Class Period, including at least Canned Pineapple Chunks in Pineapple Juice in October 2025 from Amazon.com. The price of the Imported Fruit Products purchased by Ms. Willis Albrigo included a Tariff Charge.

22. Plaintiff Tara Amado purchased various Imported Fruit Products during the Class Period, including at least fresh bananas and pineapples, which she bought regularly from stores such as the Safeway locations in Millbrea and El Cerrito, California and Walmart in Richmond, California. The price of the Imported Fruit Products purchased by Ms. Amado included a Tariff Charge.

23. The IEEPA Tariffs, however, have since been ruled void *ab initio* and invalidated by the Supreme Court. On April 14, 2025, several companies filed suit in the United States Court of International Trade challenging the legality of tariff orders issued pursuant to the IEEPA. *See V.O.S. Selections, Inc., et al. v. Trump, et al.*, No. 25-cv-00066 (Ct. Int'l Trade filed Apr. 14, 2025), Dkt. No. 2.

24. In May 2025 the Court of International Trade held that the challenged tariff orders exceeded the President's statutory authority under IEEPA and were therefore unlawful. The United States appealed.

25. In August 2025, the United States Court of Appeals for the Federal Circuit, sitting *en banc*, affirmed the Court of International Trade's judgment, holding that IEEPA does not authorize the President to impose the challenged tariffs. The United States again appealed.

26. Meanwhile, in January 2026, Dole Fresh Fruit Company and Dole Packaged Foods, LLC each initiated a lawsuit against the United States, among others, seeking refunds for IEEPA tariffs paid. *See Dole Fresh Fruit Co. v. United States*, No. 1:26-cv-00012 (Ct. Int'l Trade), Dkt. No. 2, Compl. (filed Jan. 2, 2026); *Dole Packaged Foods, LLC v. U.S.*

4

*Customs & Border Protection*, No. 1:26-cv-00275 (Ct. Int'l Trade), Dkt. No. 4, Compl. (filed Jan. 8, 2026)

27. On February 20, 2026, the Supreme Court of the United States affirmed the Federal Circuit's judgment, conclusively holding that the challenged tariff orders were unlawful and issued without statutory authority.

28. The Supreme Court's decision confirmed that the challenged tariff orders exceeded statutory authority and were *ultra vires*. As orders issued without statutory authorization, they were void *ab initio* and invalidated by the Supreme Court.

29. Finally, on March 4, 2026, the U.S. Court of International Trade ordered the United States Government to issue refunds for levies collected as a result of the IEEPA orders. *See Atmus Filtration, Inc. v. United States*, No. 1:26-cv-01259-RKE, Dkt. No. 21 (Ct. Int'l Trade Mar. 4, 2026).

30. Despite lacking lawful authority, Dole charged, collected, and retained Tariff Charges from Plaintiffs and Class Members by way of its increased prices.

31. Further, despite seeking refunds of the IEEPA Tariffs for itself, Dole has not indicated any plans to return to Plaintiffs or Class Members the Tariff Charges they paid as a result of Dole's decision to pass on that cost to them.

32. Dole was unjustly enriched by collecting and retaining money to which it was not legally entitled.

33. Plaintiffs and Class Members suffered economic injury as a direct result of Dole's conduct, including payment of unlawful Tariff Charges. Plaintiffs' legal remedies are inadequate to address these injuries.

## CLASS ACTION ALLEGATIONS

34. While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent a class of all persons in the United States who, at any time from February 1, 2025 to a time the Class is notified (the "Class Period") paid a Tariff Charge on the Imported Fruit Products.

*Willis Albrigo et al. v. Dole Fresh Fruit Co. et al.*
CLASS ACTION COMPLAINT

35. The Members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

36. Questions of law and fact common to Plaintiffs and the Class (or Subclasses) include:

a. Whether Dole imposed "Tariff Charges" that were passed on to consumers;

b. When Dole began and ceased imposing any such Tariff Charges;

c. Whether any such Tariff Charges were imposed pursuant to standardized policies and procedures;

d. Whether Dole's conduct constituted unlawful, unfair, or fraudulent business practices within the meaning of California Business and Professions Code § 17200;

e. Whether Dole was unjustly enriched by collecting Tariff Charges from Plaintiffs and Class members;

f. Whether Dole received money belonging to Plaintiffs and Class members through the Tariff Charge;

g. Whether Plaintiffs and Class members suffered injury in fact and lost money or property as a result of Dole's conduct;

h. The amount of restitution and other monetary relief owed to Plaintiffs and the Class; and

i. What other relief is necessary to prevent Dole from continuing its unlawful conduct.

37. These common questions of law and fact predominate over questions that affect only individual Class Members.

38. Plaintiffs' claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Dole's conduct. Specifically, all Class Members, including Plaintiffs, were subjected to Tariff Charges when

6

they purchased the Imported Fruit Products and suffered economic injury because the Products were overpriced due to the unlawful Tariff Charge. Absent Dole's business practices complained of herein, Plaintiffs and Class Members would have paid less for the Imported Fruit Products.

39.     Plaintiffs will fairly and adequately represent and protect the interests of the Class, have no interests incompatible with the interests of the Class, and have retained counsel competent and experienced in class action litigation.

40.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

41.     Dole has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

42.     As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Unjust Enrichment

43.     Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if fully set forth herein.

44.     Plaintiffs and other Class Members conferred a benefit on Dole in the form of Tariff Charges paid on their purchases of the Imported Fruit Products.

45.     Dole collected those Tariff Charges to offset duties imposed pursuant to executive orders later declared *ultra vires,* void *ab initio*, and without statutory authority.

46.     Equity does not permit Dole to retain funds collected from consumers to cover duties that were imposed without lawful authority, and for which Dole may seek reimbursement.

47.     Retention of Tariff Charges would result in Dole shifting the burden of a governmental exaction imposed without statutory authority to consumers, while preserving

for itself the ability to seek recovery, credit, or other relief arising from that exaction. Dole cannot, in equity, retain Tariff Charges collected to offset duties that were imposed without lawful authority. Nor may Dole, in equity, both pass the cost of an unlawful governmental exaction to consumers and retain the benefit of any reimbursement, credit, or avoidance of that exaction.

48.    Dole's retention of Tariff Charges is unjust, inequitable, and contrary to principles of restitution.

49.    Plaintiffs seeks restitution and disgorgement of all Tariff Charges collected from the Class.

## SECOND CAUSE OF ACTION

### Money Had and Received

50.    Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if fully set forth herein.

51.    Dole received money from Plaintiffs and Class members in the form of Tariff Charges.

52.    These funds were received for the use and benefit of Plaintiffs and Class members.

53.    Dole is indebted to Plaintiffs and Class members in the amount of those funds.

54.    Dole has not returned that money to Plaintiffs and Class members and its retention of these funds is unjust. Plaintiffs seek restitution and disgorgement of all Tariff Charges collected from the Class.

## THIRD CAUSE OF ACTION

### Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

55.    Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

56.    The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

*Willis Albrigo et al. v. Dole Fresh Fruit Co. et al.*
CLASS ACTION COMPLAINT

57. The acts, omissions, misrepresentations, practices, and non-disclosures of Specialized as alleged herein constitute business acts and practices.

### Unfair

58. Dole's conduct with respect to the collection of Tariff Charges was unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any, did and does not outweigh the gravity of the harm to its victims.

59. Dole's conduct with respect to the collection of Tariff Charges was also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including the determination by three separate courts, including the Supreme Court of the United States, that the tariffs were unlawfully imposed.

60. Dole's conduct with respect to the collection of Tariff Charges was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

61. In accordance with Bus. & Prof. Code § 17203, Plaintiffs seek an order enjoining Dole from continuing to conduct business through unfair acts and practices.

62. Plaintiffs and the Class also seek an order for the restitution of all monies from the collection of Tariff Charges, which were unjustly acquired through acts of unfair competition.

### PRAYER FOR RELIEF

63. Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, pray for judgment against Dole as to each and every cause of action, and the following remedies:

a. An Order declaring this action to be a proper class action, appointing Plaintiffs as the Class Representatives, and appointing Plaintiffs' undersigned counsel as Class Counsel;

b. An Order requiring Dole to bear the cost of Class Notice;

9

*Willis Albrigo et al. v. Dole Fresh Fruit Co. et al.*
CLASS ACTION COMPLAINT

c.    An Order requiring Dole to disgorge all monies obtained by means of any wrongful act or practice;

d.    An Order requiring Dole to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unfair business act or practice, plus pre-and post-judgment interest thereon;

e.    An award of attorneys' fees and costs; and

f.    Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

64.    Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: May 14, 2026

/s/ Melanie R. Monroe
**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
KADEN BYRON
*kbyron@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
DANIEL SACHS
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiffs***

10

*Willis Albrigo et al. v. Dole Fresh Fruit Co. et al.*
CLASS ACTION COMPLAINT